# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00802-CV

### M. C., Sr. and D. G., Appellants

### v.

### Texas Department of Family and Protective Services, Appellee

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-21-003020, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

M.C. ("Father") and D.G. ("Mother") appeal from the trial court's order terminating their parental rights to their son M.E.C.[1]  *See* Tex. Fam. Code § 161.001.  After a jury trial, the trial court rendered judgment finding by clear and convincing evidence that several statutory grounds existed for terminating Mother's and Father's parental rights and that termination was in M.E.C.'s best interest.  *See id.* § 161.001(b)(1)(D), (E), (b)(2).

Mother's court-appointed counsel and Father's court-appointed counsel have each filed a brief concluding that Mother's and Father's appeals are frivolous and without merit.  *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right

---

[1] For the child's privacy, we will refer to him by his initials and to his family members by their relationships to him.  *See* Tex. R. App. P. 9.8.

to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). The briefs meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-termination case). Mother's counsel has certified to this Court that she has provided Mother with a copy of the *Anders* brief and informed her of her right to receive a copy of the entire appellate record and file a pro se brief. Similarly, Father's counsel has certified that she has provided Father with a copy of the brief and a letter explaining his right to file a pro se brief but also certified that she provided Father with a copy of the clerk's and reporter's records. The Department of Family and Protective Services has filed responses to the *Anders* briefs, waiving its right to file appellee's briefs. To date, neither Mother nor Father has filed a pro se brief.

We have conducted a full examination of all of the proceedings to determine whether the appeal is wholly frivolous, as we must when presented with an *Anders* brief. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the endangerment findings as to Mother and Father under subsection 161.001(b)(1) of the Family Code, and we have found no non-frivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (explaining due process and due course of law considerations pertaining to terminations under subsection 161.001(b)(1)(D) or (E) of Family Code). After reviewing the record and the *Anders* briefs, we find nothing in the record that would arguably support either parent's appeal. We agree with both appointed counsel that the appeals are frivolous and without merit. Accordingly, we affirm the trial court's order terminating Mother's

and Father's parental rights. Mother's counsel has also filed a motion to withdraw, which we deny.[2]

 

_____

Thomas J. Baker, Justice

Before Justices Baker, Smith, and Jones[*]

Affirmed

Filed: April 28, 2023

[*]Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

---

[2] The Texas Supreme Court has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings [in the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Accordingly, counsels' obligations to Mother and Father have not yet been discharged. *See id.* If after consulting with their attorneys Mother, Father, or both desire to file a petition for review, their counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 28.